UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIFFANY SULLIVAN
      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.
      Defendant.

**COMPLAINT & JURY DEMAND**

**SUMMARY**

1.  Ms. Sullivan is employed as an Administrative Assistant by one of the largest law firms in Massachusetts. Every action she takes at work is monitored by her employer - it can access any email she reads, any letter she receives, any phone call she makes, or any voicemail she receives.

2.  In May 2016, Ms. Sullivan was contacted by a debt collector, Midland Credit Management, on her phone at work. She requested that it not contact her at work, and sent Midland a letter stating the same. Nevertheless, over the course of the past year it has repeatedly contacted her at work despite her objections. To date, she has written three letters to Midland requesting that it stop contacting her at work. However, it continues to contact her at work - including phone calls, a voicemail, and a letter sent to her "in care of" her employer.

3.  Accordingly, Ms. Sullivan now bring this lawsuit for violation of the Fair Debt Collection Practices Act and the Massachusetts Consumer Protection Act.

## FEDERAL JURISDICTION & VENUE

4.   The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, 15 U.S.C. § 1692k(d) and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b) a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts.

## PARTIES

6.   Plaintiff Tiffany Sullivan (Ms. Sullivan) is a natural person residing in Worcester, Massachusetts.

7.   Defendant Midland Credit Management, Inc. (Midland) is a corporation organized under the laws of Kansas, with is principal office in California.

## COMMON FACTS

8.   Ms. Sullivan works as a Legal Administrative Assistant at the law firm of Mirick, O'Connell, DeMallie, & Lougee, LLP (Mirick O'Connell) in Worcester, Massachusetts.

9.   Mirick O'Connell is one of the largest law firms in Massachusetts and serves as counsel to many of New England's leading corporations - both private and public. *100 Largest Law Firms in Massachusetts - 2016*, Massachusetts Lawyers Weekly, available at http://masslawyersweekly.com/files/2016/04/MA-100LARGEST-2016-WEB-1.pdf

10. Ms. Sullivan reports directly to two attorneys who practice in the areas of corporate finance, mergers and acquisitions, venture capital investments, securities regulation, executive compensation arrangements, workforce benefit programs and policies, and general corporate and business matters.

11. Mirick O'Connell retains access and authority to review all of Ms. Sullivan's activities at work, including but not limited to any document or action on her computer, any emails she sends or receives, her work phone log history, any voicemails she receives on her work phone, and any mail she receives at work.

12. On May 11, 2016, Ms. Sullivan received a call from Midland on her work phone.

13. Ms. Sullivan answered the phone call and informed the caller that she could not receive personal calls at work. She verbally requested that Midland not contact her at work.

14. That same day, Ms. Sullivan mailed a letter to Midland similarly requesting that it not contact her at work. (**Exhibit A**).

15. Nevertheless, at approximately 2:28pm on September 8, 2016, Midland again called Ms. Sullivan's work phone.

16. Ms. Sullivan did not answer this call, but a voicemail was left for her at her desk approximately stating:

> "Hi Tiffany, this is Jessica Reader, I am calling you with Midland Credit Management, we are a debt collection company. Uh, Tiffany, please contact me about a personal business matter at (866) 452-2381. Again, this is Jessica with MCM please contact me about a personal business matter at (866) 452-2381. And my extension is 8328. Thank you and have a blessed day, Tiffany. Bye bye."

17. That same day, Ms. Sullivan mailed a second letter to Midland again requesting that it not contact her at work. (**Exhibit B**). She also faxed a copy of the letter to Midland to ensure it was received immediately, and received confirmation that the fax was successfully transmitted. (**Exhibit C**).

18. Nevertheless, at approximately 11:56am on September 12, 2016, Ms. Sullivan received a third call on her work phone from Midland. She informed the caller that she had already requested multiple times that Midland not contact her at work, and again told them not to contact her there again.

19. On April 21, 2017, Midland then mailed correspondence to Ms. Sullivan at her work address. (**Exhibit D**). The envelope was addressed as follows:

> Tiffany Sullivan
> C/O Mirick O Connell
> 100 Front Street
> Worcester, MA 01608-1425

(**Exhibit E**).

20. Among other things, this communication contained information showing that Ms. Sullivan's account was past due for nearly one year.

21. Ms. Sullivan received this communication on April 28, 2017 and immediately wrote a third letter to Midland again requesting that it not contact her at work. (**Exhibit F**).

22. Ms. Sullivan's employer prohibits communications such as this while she is at work.

23. Midland was aware that Ms. Sullivan worked at Mirick O'Connell and knew or should have know that it prohibited Ms. Sullivan from communicating with Midland at work.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et. seq.

24. The preceding allegations are incorporated by reference.

25. The account at issue was opened primarily for personal or household use, and is therefore a "debt" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(5).

26. Midland is a "debt collector" as that term is contemplated under the Fair Debt Collection Practices (FDCPA) pursuant to 15 U.S.C. § 1692a(6).

27. Pursuant to 15 U.S.C. § 1692c(a)(1), Midland was prohibited from contacting Ms. Sullivan in the connection with collection of a debt at any time or place that it knew or should have known to be inconvenient for Ms. Sullivan.

28. Pursuant to 15 U.S.C. § 1692c(a)(3), Midland was prohibited from contacting Ms. Sullivan in the connection with collection of a debt at her place of employment if Midland knew or had reason to know that Ms. Sullivan's employer prohibits her from receiving such communication.

29. Pursuant to 15 U.S.C. § 1692c(b), Midland was prohibited from communicating, in the connection with collection of a debt, with Ms. Sullivan's employer and/or any other third party.

30. Pursuant to 15 U.S.C. § 1692d, Midland was prohibited from, in connection with the collection of a debt, engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

31. Midland's actions violated 15 U.S.C. §§ 1692c(a)(1), c(a)(3), c(b), and/or d.

32. Ms. Sullivan suffered damages due to Midland's unlawful actions, including but not limited to economic damages, emotional damages, costs, and attorney's fees.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## G.L. c. 93A, § 2

33. The preceding allegations are incorporated by reference.

34. Midland is engaged in trade or commerce in Massachusetts.

35. Pursuant to G.L. c. 93A, § 2, Midland was prohibited from engaging in unfair or deceptive acts or practices.

36. Midland's actions were unfair and/or deceptive, in violation of G.L. c. 93A, § 2.

37. Midland wilfully or knowingly violated G.L. c. 93A, § 2.

38. Midland does not maintain a place of business within the Commonwealth of Massachusetts.

39. Midland does not keep assets within the Commonwealth of Massachusetts.

40. Because Midland does not maintain a place of business and/or keep assets within the Commonwealth of Massachusetts, it was not entitled to receive a pre-suit demand letter from Ms. Sullivan pursuant to G.L. c. 93A, § 9. *See Moronta v. Nationstar Mortgage, LLC*, 476 Mass. 1013, 64 N.E.3d 1287 (2016).

41. Ms. Sullivan is therefore entitled to make a claim pursuant to G.L. c. 93A, § 9, notwithstanding that she did not send Midland a pre-suit demand letter.

42. Ms. Sullivan suffered damages due to Midland's unlawful actions, including but not limited to economic damages, emotional damages, costs, and attorney's fees.

**COUNT III**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT**
**G.L. c. 93A, § 2**

43. The preceding allegations are incorporated by reference.

44. Midland is a "creditor" as that term is contemplated under 940 Code Mass. Regs.

§ 7.03.

45. Ms. Sullvan's account is a "debt" as that term is contemplated under 940 Code

Mass. Regs. § 7.03.

46.  Midland's actions were also per se violations of G.L. c. 93A, § 2, as they violated

regulations issued by the Massachusetts Attorney General, including:

    a.  940 Code Mass. Regs. § 7.04(1)(h), which prohibited Midland from placing any

        telephone calls to Ms. Sullivan's place of employment after she made a written or

        oral request that such phone calls not be made; and

    b.  940 Code Mass. Regs. § 7.04(1)(i), which required Midland to send the following

        notice to Ms. Sullivan, in writing, within 30 days after its first communication

        with her at work:

<u>NOTICE OF IMPORTANT RIGHTS</u>

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL
REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT
NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT.
ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN
DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE
REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS
OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY
WRITING TO THE CREDITOR.

47. Pursuant to G.L. c. 93A, § 2(c), any violation of 940 Code Mass. Regs. § 7.04(1)(h) and/or (i) shall constitute an unfair or deceptive act or practice under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

48. Midland's actions violated 940 Code Mass. Regs. § 7.04(1)(h) and/or (i), and therefore also violated G.L. c. 93A, § 2.

49. Midland wilfully or knowingly violated 940 Code Mass. Regs. § 7.04(1)(h) and/or (i), and therefore also wilfully or knowingly violated G.L. c. 93A, § 2.

50. Ms. Sullivan suffered damages due to Midland's unlawful actions, including but not limited to economic damages, emotional damages, costs, and attorney's fees.

## COUNT IV
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
## G.L. c. 93A, § 2

51. The preceding allegations are incorporated by reference.

52. Midland is a "debt collector" as that term is contemplated under 209 Code Mass. Regs. § 18.02.

53. Ms. Sullivan's account is a "debt" as that term is contemplated under 209 Code Mass. Regs. § 18.02.

54. Midland's actions were also per se violations of G.L. c. 93A, § 2, as they violated regulations issued by the Massachusetts Division of Banks, including:

a.  209 Code Mass. Regs. § 18.14(1)(a), which prohibited Midland from contacting Ms. Sullivan in the connection with collection of a debt at any time or place that it knew or should have known to be inconvenient for Ms. Sullivan;

b. 209 Code Mass. Regs. § 18.14(1)(c), which prohibited Midland from contacting Ms. Sullivan in the connection with collection of a debt at her place of employment if Midland knew or had reason to know that Ms. Sullivan's employer prohibits her from receiving such communication;

c. 209 Code Mass. Regs. § 18.14(1)(c), which prohibited Midland from placing telephone calls to Ms. Sullivan in the connection with collection of a debt at her place of employment after she made a written or oral request that such phone calls not be made;

d. 209 Code Mass. Regs. § 18.14(1)(e), which required Midland to send the following notice to Ms. Sullivan, in writing, within 30 days after its first communication with her at work:

<u>NOTICE OF IMPORTANT RIGHTS</u>

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

e. 209 C.M.R. § 18.14(2), which prohibited Midland from communicating, in the connection with collection of a debt, with Ms. Sullivan's employer and/or any other third party; and

f. 209 C.M.R. § 18.15, which prohibited Midland from, in connection with the collection of a debt, engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

9

55. Pursuant to G.L. c. 93, § 28, any violation of 209 Code Mass. Regs. §§ 18.14(1)(a), (1)(c), (1)(e), (2), and/or 18.15 "shall constitute an unfair or deceptive act or practice" under the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2.

56. Midland's actions violated 209 Code Mass. Regs. §§ 18.14(1)(a), (1)(c), (1)(e), (2), and/or 18.15, and therefore also violated G.L. c. 93A, § 2.

57. Midland wilfully or knowingly violated 209 Code Mass. Regs. §§ 18.14(1)(a), (1)(c), (1)(e), (2), and/or 18.15, and therefore also wilfully or knowingly violated G.L. c. 93A, § 2.

58. Ms. Sullivan suffered damages due to Midland's unlawful actions, including but not limited to economic damages, emotional damages, costs, and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Sullivan requests that the Court issue judgment in her favor and against Midland, as well as the following relief:

A.  Judgment that Midland violated the Fair Debt Collection Practices Act;

B.  Judgment that Midland violated the Massachusetts Consumer Protection Act;

C.  Actual damages;

D.  Double or triple actual damages;

E.  Statutory damages;

F.  Costs, interest, and attorney's fees; and

G.  All other relief to which she is entitled at law or equity.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Plaintiff,
Tiffany Sullivan
By counsel,

*/s/ Christopher M. Brine*
Christopher M. Brine (BBO 679289)
Brine Consumer Law
100 Grove Street, Suite 210
Worcester, MA 01605
P - 508.556.1899
F - 508.556.9951
cmb@brineconsumerlaw.com

June 20, 2017

*Tiffany Sullivan*
*64 Country Club Blvd #205*
*Worcester, MA 01605*

EXHIBIT
**A**

May 11, 2016

Midland Credit Management
3111 Camino Del Rio N #1300
San Diego, CA 92108

     Re:   Tiffany Sullivan

To Whom It May Concern,

     Today I received a call at work from someone at your office. I did not understand his name due to his accent. He identified himself as calling on behalf of Midland Credit and the caller ID showed Midland Credit.

     As I stated to him on the phone, I cannot receive calls at my place of employment. THEREFORE, I AM REQUESTING THAT YOU STOP CALLING **ME AT WORK, AT HOME, ON MY CELL PHONE** OR **ANY OTHER LOCATION.** All future communications should be in writing. In addition, do not call or communicate with any third party acquaintance of mine such as my employer, neighbors, friends or family members per section 805(b)2 of the Fair Debt Collection Practices Act. Any attempts to contact me via phone shall be noted, and I am giving notice that any phone communications initiated by myself may be recorded in order to maintain an accurate record of communications.

     Please note that failure to comply with the above may be a violation of State and Federal Fair Debt Collection Practices Acts and\or other statutes, and may also be grounds for civil action, regulatory sanction, and\or other action.

Sincerely,

Tiffany Sullivan

*Tiffany Sullivan*
*64 Country Club Blvd #205*
*Worcester, MA 01605*



September 8, 2016

**VIA FACSIMILE (877) 226-9916**
**AND FIRST CLASS MAIL**

Midland Credit Management
Attention: Chief Compliance Officer
P.O. Box 939069
San Diego, CA 92193

   Re: Tiffany Sullivan

To Whom It May Concern,

  Today I received a call at work from someone at your office AGAIN. The caller ID displayed Midland Credit and the phone number was 858-251-1496.

  On May 11, 2016, I sent a notice to your office to **STOP ALL CALLS TO MY PLACE OF EMPLOYMENT** (copy enclosed).  Today's call is a direct violation of my rights.

  This letter serves as an SECOND REQUEST that you do not call my place of employment!!!

  This additional telephone contact AFTER my initial request has been noted. You are in direct violation of the Massachusetts and Federal Fair Debt Collection Practices Acts. If any further attempts are made to contact me by phone at work or any other location, I will be forced to exercise my legal rights.

Sincerely,


Tiffany Sullivan

Redacted – Privileged Attorney/Client Communications



**From:** support@easylink.com [mailto:support@easylink.com]
**Sent:** Thursday, September 08, 2016 4:56 PM
**To:** Sullivan, Tiffany N.
**Subject:** Delivery Notice: Fax to Midland Credit Management 877-226-9916



DELIVERY NOTICE

Your message was received at:
Date and time of receipt: September 8, 2016 16:53:32 EDT
Received from: tsullivan@mirickoconnell.com
Called fax machine identifier:
Subject of message: Fax to Midland Credit Management 877-226-9916

Delivery Information:

Delivered to: 18772269916 ()
Date and time of delivery: September 8, 2016 16:55:56 EDT
Number of pages delivered: 3
Delivery was made on attempt #: 1
Your Document Reference #: 0711000162527521200

For assistance, please contact EasyLink Customer Support:

http://www.easylink.com/support

Thank you for using EasyLink.


The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. This electronic message and any attachments may also contain information that is protected by federal and state law, including the HIPAA Privacy Rule. If you are not the intended recipient, you are hereby notified that any dissemination, copying or disclosure of this communication is strictly prohibited.  If you have received this communication in error, please notify Mirick O'Connell at (508)791-8500 and delete this communication immediately without copying or distributing it.



mcm  **Midland Credit**
**Management, Inc.™**
2365 Northside Drive
San Diego, CA 92108

Phone: (877) 231-8885
Hours of Operation        Mon-Fri: 5am-4:30pm PT;

| | |
|---|---|
| Original Creditor | Synchrony Bank |
| Original Account Number | 6032203301999305 |
| MCM Account Number | 8571376379 |
| Current Owner | Midland Funding LLC |
| Current Balance | $973.97 |

P9T138 009

Tiffany Sullivan
C/O Mirick O Connell
100 Front St
Worcester, MA  01608-1425



‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**EXHIBIT**

**D**

04-21-2017

RE: Synchrony Bank      Walmart

Dear Tiffany,

We have received and processed your dispute. After reviewing the information you provided, our account notes, and information provided by the previous creditor we have found that our information is correct. We have also enclosed documents regarding the account. If you believe we have reached this conclusion in error, please reference the information below:

| You have indicated that the following item(s) pertain to your account: | In order for us to further investigate your inquiry please provide the following documentation: |
|---|---|
| We are uncertain of what you are specifically disputing | Written explanation and documentation demonstrating any errors in our account information |

Information can be mailed to: Attention: Consumer Support Services, P.O. Box 939069, San Diego, CA 92193

In response to your dispute, we have requested that the three major credit bureaus change the status of this account to "Disputed". Your credit report will not be updated if the federal reporting period has expired.

For additional information on credit reporting and tradeline statuses, please visit the following website: https://www.midlandcreditonline.com/help-center/assistance-faqs/

Please call Consumer Support Services at (877) 231-8885 if you have any additional questions.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

To report any inaccuracies or to dispute this debt, please call (877) 231-8885
Calls to and/or from this company may be monitored or recorded.

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | Synchrony Bank | MCM Account Number | 8571376379 |
| Original Account Number | 6032203301999305 | Charge-Off Date | 06-20-2016 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| | | |
|---|---|---|
| Send Payments to: Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | For disputes call (877) 231-8885 or write to: Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | Physical Payments for Colorado Residents: 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

You are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

# Walmart®
# Credit Card

TIFFANY N SULLIVAN
Account Number: 6032 2033 0199 9305

Visit us at walmart.com/credit
Customer Service: 1-800-641-4526

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $886.18 |
| + Fees Charged | $35.00 |
| + Interest Charges | $17.79 |
| New Balance | $938.97 |

| | |
|---|---|
| Credit Limit | $650 |
| Available Credit | $0.00 |
| Cash Advance/Quick Cash Limit | $130 |
| Available Cash | $0.00 |
| Statement Closing Date | 05/23/2016 |
| Days in Billing Cycle | 31 |

### Payment Information

| | |
|---|---|
| New Balance | $938.97 |
| Amount Past Due | $346.00 |
| Total Minimum Payment Due | $409.00 |
| Overlimit Amount | $288.97 |
| Payment Due Date | 06/15/2016 |

**Late Payment Warning:** If we do not receive your Total Minimum Payment Due by the Payment Due Date listed above, you may have to pay a late fee up to $35.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay .... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
|---|---|---|
| Only the minimum payment | 20 months | $1,067.00 |

If you would like information about **credit counseling services**, call 1-877-302-8775.

### 3·2·1·Save Rewards Summary

Earned this Statement

| | |
|---|---|
| 3% Earned on Walmart.com | $0.00 |
| 2% Earned on Fuel* | $0.00 |
| 1% Earned on Other Purchases | $0.00 |
| Total Earned this Statement | $0.00 |
| Redeemed this Statement | $0.00 |

*Walmart and Murphy USA stations only

### Rewards News

Earn rewards on everyday purchases with your Walmart Credit Card!

---

PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.
**NOTICE:** We may convert your payment into an electronic debit. See reverse for details, Billing Rights and other important information.

5404     WFH    1   7 20 160523    E X PAGE 1 of 3    9112 3300 0217 01EA5404

Detach and mail this portion with your check. Do not include any correspondence with your check.



**Save money. Live better.**

Account Number: 6032 2033 0199 9305

| Total Minimum Payment Due | Amount Past Due | Payment Due Date | Overlimit Amount | New Balance |
|---|---|---|---|---|
| $409.00 | $346.00 | 06/15/2016 | $288.97 | $938.97 |

**Payment Enclosed:** $
Please use blue or black ink.

New address or email? Print changes on back.



TIFFANY N SULLIVAN
APT 205
64 COUNTRY CLUB BLVD
WORCESTER MA 01605-1505

Make Payment To: WALMART/SYNCHRONY BANK
P.O. BOX 530927
ATLANTA, GA 30353-0927

**Walmart**
Save money. Live better.

**Transaction Summary**

| Tran Date | Post Date | Reference Number | Description of Transaction or Credit | Plan Type | Amount |
|-----------|-----------|------------------|--------------------------------------|-----------|--------|
| | | | **FEES** | | |
| 05/15 | 05/15 | | LATE FEE | | $35.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | | **$35.00** |
| | | | **INTEREST CHARGED** | | |
| 05/23 | 05/23 | | INTEREST CHARGE ON PURCHASES | | $17.79 |
| 05/23 | 05/23 | | INTEREST CHARGE ON CASH ADVANCES | | $0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | | **$17.79** |

**2016 Totals Year-To-Date**

| | |
|---|---|
| Total Fees charged in 2016 | $175.00 |
| Total Interest charged in 2016 | $77.91 |
| Total Interest Paid in 2016 | $0.00 |

**Interest Charge Calculation**
Your **Annual Percentage Rate (APR)** is the annual interest rate on your account.

| Type of Balance | Expiration Date | Plan Type | Annual Percentage Rate | Balance Subject to Interest Rate | Interest Charge |
|-----------------|-----------------|-----------|------------------------|----------------------------------|-----------------|
| Regular Purchases & Cash Advances | NA | REG | 23.15% (v) | $904.85 | $17.79 |

(v) = Variable rate

**Cardholder News and Information**
YOUR ACCOUNT IS PAST DUE.  PLEASE PAY THE MINIMUM PAYMENT DUE OR
CONTACT THIS OFFICE AT THE PHONE NUMBER LISTED ON YOUR STATEMENT.

If your account has a deferred interest promotion and you would like us to apply a payment on your account to a specific
balance, please call Customer Service to discuss options that may be available.

5404        WFH        1     7   20   160523         E X PAGE 2 of 3          9112   3300   0217   O1EA5404

EXHIBIT

**E**

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
MCM

received
4/28/17

PO Box 340
Waite Park, MN 56387-0340

P9T138 009

Tiffany Sullivan
C/O Mirick O Connell
100 Front St
Worcester, MA  01608-1425

*Tiffany Sullivan*
*64 Country Club Blvd #205*
*Worcester, MA 01605*

EXHIBIT

**F**

April 28, 2017

Midland Credit Management
Attn: Tim Bolin, Division Manager
2365 Northside Drive, Suite 300
San Diego, CA 92193

     Re:   Tiffany Sullivan

To Whom It May Concern,

     Today I received a notice from your office at my place of employment! This is unacceptable and the address c/o Mirick O'Connell, 100 Front St, Worcester, MA 01608 should NEVER be used to send me mail of any kind.

     THIS ADDRESS SHOULD BE REMOVED FROM YOUR RECORDS IMMEDIATELY!!!!!!

     Any contact should be done by correspondence and should be mailed to my home address which you obviously have so I don't understand why you would suddenly start mailing me things at my place of employment. This must stop immediately.

Sincerely,


Tiffany Sullivan

**mcm** Midland Credit
Management, Inc.

2365 Northside Drive
Suite 300
San Diego, CA 92108

| Phone | (877) 231-8885 |
|---|---|
| Hours of Operation | Mon-Fri: 5am-4:30pm PT; |

| Original Creditor | Synchrony Bank |
|---|---|
| Original Account Number | 6032203301999305 |
| MCM Account Number | 8571376379 |
| Current Owner | Midland Funding LLC |
| Current Balance | $973.97 |

P9T138 009

Tiffany Sullivan
C/O Mirick O Connell
100 Front St
Worcester, MA  01608-1425

DELETE!!!!

04-21-2017

RE: Synchrony Bank    Walmart

Dear Tiffany,

We have received and processed your dispute. After reviewing the information you provided, our account notes, and information provided by the previous creditor we have found that our information is correct. We have also enclosed documents regarding the account. If you believe we have reached this conclusion in error, please reference the information below:

| You have indicated that the following item(s) pertain to your account: | In order for us to further investigate your inquiry please provide the following documentation: |
|---|---|
| We are uncertain of what you are specifically disputing | Written explanation and documentation demonstrating any errors in our account information |